UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JERRY LYNN O'NEAL, ) | 3:13-cv-00041-MMD-VPC |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| ALLSTATE INSURANCE, *et al.*, ) | |
| Defendants. ) | October 10, 2013 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. The court previously granted plaintiff's application to proceed *in forma pauperis* and dismissed his complaint with leave to amend (#3).[1] Before the court is plaintiff's first amended complaint (#5). The court has thoroughly reviewed the first amended complaint and recommends that it be dismissed with prejudice.

**I.     Screening Pursuant to 28 U.S.C. § 1915**

As the court previously explained, applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an [*in forma pauperis*] action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

---

[1] Refers to the court's docket number.

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure §

1216, at 235-36 (3d ed. 2004)).  At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.   Discussion

In his first amended complaint, plaintiff alleges that several defendants, which appear to be automobile insurance companies, an auto repair shop and three individuals, have conspired to violate his civil rights (#5).  He also attempts to set forth state-law tort claims of abuse of process, constructive fraud, civil conspiracy, aiding and abetting, malicious prosecution and false claims.  *Id*.  He alleges that this court has diversity jurisdiction over this matter because plaintiff resides in Nevada, all defendants reside in California and the amount in controversy exceeds $75,000.  *Id*. at 2.

At the outset of the complaint, plaintiff alleges that his federal due process rights were violated as follows:

> defendants . . . did deliberately, intentionally and unlawfully decided [sic] and entered a civil conspiracy to aid and abet a constructive fraud, to conceal the criminal acts of a hit and run, and the falsifying of a police report on 2-6-04.  The defendant's subsequent filing of a fraudulent false insurance claim that intentionally concealed that information, and the concealment of material facts the automobile responsible for injuring plaintiff . . . was switched in the fraudulent insurance claim . . . perpetrated by defendant actors who are under the color of law in and during an official proceeding(s).

*Id*.

First "[t]o sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right."  *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989).  Section 1983 does not provide a cause of action for violations of state law.  *See*

*Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).  Plaintiff's bare, unelaborated assertions that defendants—private companies and individuals—were acting under color of state law are insufficient.

Moreover, not only does plaintiff's 123-page first amended complaint fail to set forth a short, plain statement of the claims showing that he is entitled to relief, he never sets forth specific, discernible factual allegations at any point against any defendant.  Fed. R. Civ. P. 8.  He alleges, generally and repeatedly, that the defendant insurance companies failed to institute several insurance claims and/or investigative proceedings against the defendant auto repair shop without ever setting forth any more detailed allegations.  He uses the terms "abuse of process," "fraud," "conspiracy," etc., repeatedly without ever setting forth who allegedly did what specifically, when, and how it violated his rights under federal or state law.  He alludes to having been declared a vexatious litigant, apparently in a California state court.  As in his original complaint, he apparently alleges that some or all defendants engaged in a conspiracy to defraud Medicare.  *See, e.g.*, *id*. at 60.  Beginning at page forty-four for the vast majority of the remainder of the complaint, plaintiff merely sets forth legal standards, including what appear to be treatises on various California torts, workmen's compensation, and what appear to be pages upon pages quoting California's conduct and ethical rules for attorneys.[2]

Plaintiff has already been afforded the opportunity to amend his complaint.  The court cannot discern any specific factual allegations against any defendants.  Accordingly, the court recommends

---

[2] The court may take judicial notice of its docket, and it observes that plaintiff has also filed two other cases in this court in 2013:  *O'Neal v. Washoe County Social Services*, 3:13-cv-00104-RCJ-WGC and *O'Neal v. Gov. Brian Sandoval*, 3:13-cv-00304-RCJ-VPC.  In both matters he apparently seeks or sought federal court intervention in a state action removing his children from his custody.  The last approximately forty pages of his complaint in *O'Neal v. Gov. Brian Sandoval* appear to be identical to this section of the instant complaint, *i.e.*, excerpts from California and Nevada state-law treatises and the same attorney ethical rules, except that in *Sandoval* he identifies them as the "Nevada Bar Association Ethic's [sic] Rules of Conduct."  3:13-cv-00304-RCJ-VPC (#1-1, pp. 56-83).

that plaintiff's first amended complaint be dismissed as factually frivolous. As further amendment would be futile, dismissal should be with prejudice and without leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### III.    Conclusion

**IT IS THEREFORE RECOMMENDED** that plaintiff's first amended complaint (#5) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for U.S. Marshal Service (#12) be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly and close this case.

The parties should be aware of the following:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**DATED**:    October 10, 2013.

_____
**UNITED STATES MAGISTRATE JUDGE**